UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN VELASTEGUI,<br>       Plaintiff,<br><br>  v.<br><br>AUTO EQUITY LOANS OF DE, LLC;<br>GOTCHA RECOVERY AND TRANSPORT, INC.,<br>       Defendants. | NO.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## I. Jurisdiction and Venue

1. Federal jurisdiction over this complaint arises under 15 U.S.C. § 1692. (FDCPA). Venue is appropriate in the District of New Jersey where the plaintiff resides and the acts alleged in the complaint occurred.

## II. Parties

2. Plaintiff IVAN VELASTEGUI is, and at all times herein, an individual residing at 601 Hubbard Ave., Union, NJ 07083.

3. Defendant, AUTO EQUITY LOANS OF DE, LLC ("AEL") is a corporate entity believed to be chartered in the state of Florida with an office at 1812 Marsh Road, Suite 6, Wilmington DE 19810 and is in the business of Title loan lending.

4. Defendant, GOTCHA RECOVERY AND TRANSPORT, INC, ("GOTCHA") is a corporation regularly engaged in the business of debt collection and automobile repossession in the State of New Jersey with offices Newark, NJ.

5. At the time of the events herein, GOTCHA engaged in the collection and repossession activities described herein and was a debt collector as defined by 15 U.S.C. §1692a(6) insofar as GOTCHA uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

### III. Factual Allegations

6. Prior to the events described herein, plaintiff owned with clear title two (2) vehicles, a 2009 Infiniti, VIN: JNRAS18W09M157966, and a 2006 Infiniti, VIN: JNKCV54E96M719846, which both were titled, registered, and licensed in New Jersey.

7. Prior to the events described herein, plaintiff had contracted for a title loan with AEL using the 2006 Infiniti as collateral.

8. Plaintiff paid off the loan on the 2006 Infinity in December 2019. (see Ex A).

9. On or about January 18, 2021, AEL ordered defendant GOTCHA to repossess Plaintiff's 2006 Infiniti at or near plaintiff's residence despite the fact AEL no longer had any lien on said vehicle's title.

10. GOTCHA repossessed Plaintiff's 2006 Infiniti on or about January 18, 2021.

11. Plaintiff contacted AEL and eventually AEL ordered GOTCHA to return the 2006 Infiniti vehicle to Plaintiff.

12. Plaintiff missed a job interview due to the repossession of his 2006 Infinity.

13. GOTCHA, acting of its own free will, agreed to work for AEL to repossess the plaintiff's vehicle.

14. Plaintiff believes and therefore avers that GOTCHA agreed to repossess the vehicle either knowing that the loan for the 2006 Infiniti was satisfied, or without performing any due diligence to determine the validity or legality of the loan.

15. GOTCHA decided that it would perform repossessions within the State of New Jersey either knowing that the repossession was illegal or without performing any due diligence to determine the validity of the loan or its right to perform the repossession.

16. As a result of the foregoing events, plaintiff suffered harm consisting of the loss of his motor vehicle, time and expense dealing with Defendants' unlawful actions, inability to attend a job interview, and the accompanying emotional distress of having the vehicle repossessed, including but not limited to shame, humiliation, frustration and anger.

## COUNT I
### Violations of the FDCPA
### Plaintiff v. GOTCHA

17. The allegations above are re-alleged and incorporated herein by reference.

18. At all times relevant hereto, GOTCHA was attempting to collect an alleged debt incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. At the time the aforementioned GOTCHA engaged in the collection and repossession activities described herein, Defendants were each a debt collector as defined by 15 U.S.C. §1692a(6) insofar as:

   a) GOTCHA uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

      b) No defendant had any interest in or the present right of possession to the subject vehicle;

      c) Plaintiff was not in default under any agreement between himself and any of the defendants.

      d) Each, by their respective actions in breaching the peace to effectuate a repossession, lost any alleged present or possible right to the collateral securing plaintiff's debt.

20. Defendants, by their conduct as described above in repossessing a vehicle without any preceding default, violated the FDCPA as follows:

      a) §1692f(1) by taking the vehicle when secured party had no interest in plaintiff's property or any agreement with plaintiff regarding plaintiff's property and in a commercially unreasonable manner in connection with the repossession which is not permitted by law;

      b) §1692f(1) by taking the vehicle when a default had not occurred and in a commercially unreasonable manner in connection with the repossession which is not permitted by law;

      c) §1692f(6) by taking the vehicle when a default had not occurred and in a commercially unreasonable manner in connection with the repossession unlawfully repossessed and disabled plaintiff's property;

      d) §1692f, by unfairly and unconscionably collecting or attempting to collect the debt by its actions described above herein.

WHEREFORE, plaintiff requests relief as follows:

    a) Actual damages for loss of the use and value of the vehicle;
    b) Punitive damages;
    c) An award of attorney's fees and costs;
    d) Any other relief that is just and appropriate.

## COUNT II
### Violation(s) of The Uniform Commercial Code
### Plaintiff v. All Defendants

22. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

23. The Plaintiff did not default under the subject contract because the subject contract was satisfied under New Jersey law.

24. Plaintiff received a Lien Release Letter for the 2006 Infinity before the 2006 Infiniti was repossessed by Defendants. (Exhibit A).

25. Because plaintiff did not default under the subject loan, defendants did not have right to take the 2006 Infinity and/or to deprive Plaintiff of the possession, use and value of the 2006 Infinity.

26. After having the vehicle taken, no one sent plaintiff a notice by certified or registered mail or by hand-delivery as required by UCC, 12A N.J.S.A. §§ 9613-9614.

27. Defendants violated the UCC by unlawfully repossessing Plaintiff's vehicle and failing to send Plaintiff a notice as required by UCC, 12A N.J.S.A. §§ 9613-9614.

28. The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

29. The aforementioned violations of the UCC entitle Plaintiff individually to actual and statutory damages pursuant to 12A N.J.S.A. § 9625 related to each individual contract.

WHEREFORE, plaintiff requests relief as follows:

a)      Actual damages for loss of the use and value of the vehicle;
b)      An award of damages against the defendants equivalent to three times plaintiff's actual damages including but not limited to the value of plaintiff's repossessed vehicle;
c)      An award of attorney's fees and costs;
d)      Damages under the U.C.C. in the amount of the finance charge plus 10% of the vehicle's principal loan obligation amount plus $500.00;
e)      Any other relief that is just and appropriate.

## COUNT III
### Negligence
### Plaintiff v. All Defendants

30. The allegations above are re-alleged and incorporated herein by reference.

31. Defendants were negligent in the following respects:

   a. failing to institute appropriate policies and procedures to comply with the applicable laws;

   b. failing to institute policies, train personnel, and supervise personnel regarding lawful loans in the jurisdictions in which it operates;

   c. failing to institute policies, train personnel, and supervise personnel regarding proper towing procedures;

   d. failing to hire competent and/or honest personnel, to conduct towing operations;

   e. failing to properly train and/or supervise its personnel.

   f. failing to take reasonable care before using a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

   g. failing to ensure the creditor had any interest in or the present right of possession to the subject vehicle;

      h. failing to ensure that the vehicle owner was not in default under any agreement with the creditor ordering the repossession.

      i. Failing to institute policies to prevent breach of the peace to effectuate a repossession.

32. Plaintiff suffered actual damages proximately caused by Defendants' negligence as alleged above including but not limited to deprivation of the quite use and enjoyment of the vehicle.

33. The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

WHEREFORE, plaintiff requests relief as follows:

    e) Actual damages for loss of the use and value of the vehicle;
    f) Punitive damages;
    g) An award of attorney's fees and costs;
    h) Any other relief that is just and appropriate.

## COUNT IV
### Conversion
**Plaintiffs v. All Defendants**

34. Plaintiff incorporates all facts and allegations set forth in this Complaint.

35. The aforementioned violations of the UCC entitle Plaintiff individually to actual and statutory damages pursuant to 12A N.J.S.A. § 9625 related to each individual contract.

36. Pursuant to the established business practices established and implemented by all the Defendants, without right or justification, Defendants took possession, dominion and/or control of Plaintiffs' vehicle and denied plaintiffs use and quiet enjoyment thereof.

37. As a result of the Defendants' misconduct, the Plaintiff was deprived of the use and enjoyment of the subject vehicle, incurred inconveniences and frustration, together with the other damages set forth above and below.

38. The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

WHEREFORE, plaintiff requests relief as follows:

a) Actual damages for loss of the use and value of the vehicle;
b) An award of attorney's fees and costs;
c) Any other relief that is just and appropriate.

Dated: May 14, 2021

*s/ Michael F. Niznik*
Michael Niznik, Esq.
Attorney for Plaintiff

# EXHIBIT A



**LIEN RELEASE LETTER**

DATE: 1/29/2020
SUBJECT: Ivan Velastegui
VEHICLE: 2006 Infiniti G Coupe
VIN #: JNKCV54E96M719846

To Whom It May Concern:

On 12/24/2019, Auto Equity Loans (hereinafter referred to as the "Company") received a payoff amount for account TL7177. As of 12/24/2019, this Company no longer has any interest in the above-mentioned vehicle. Please accept this letter as our lien release and acknowledge IVAN VELASTEGUI as the owner in FULL.

All debts have been satisfied in our office in regards to this account.

If you have any questions, please do not hesitate to contact our office listed below.

_____
Elizabeth Burke
Loan Officer
Auto Equity Loans
1812 Marsh Rd Suite #6
Wilmington, DE 19810
302-439-4131

1812 Marsh Rd, Ste 6, Wilmington, DE 19810 . Office 302.439.4131 . Fax 302.439.4127